FILED: December 20, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4415 (L)
(1:17-cr-00638-CCB-1)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WAYNE EARL JENKINS

Defendant - Appellant

No. 18-4541
(1:17-cr-00106-CCB-4)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WAYNE EARL JENKINS

Defendant - Appellant

# JUDGMENT

In accordance with the decision of this court, the judgments of the district court are affirmed in part. The appeals are dismissed in part.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4415**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WAYNE EARL JENKINS,

        Defendant - Appellant.

**No. 18-4541**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WAYNE EARL JENKINS,

        Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cr-00106-CCB-4; 1:17-cr-00638-CCB-1)

Submitted: December 18, 2018                                       Decided: December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Steven H. Levin, LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Derek Edward Hines, Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Wayne Earl Jenkins appeals his convictions and 300-month sentence imposed after pleading guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2012); racketeering, in violation of 18 U.S.C. § 1962(c) (2012); two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (2012); destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519 (2012); and four counts of deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242, 2 (2012). Jenkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Jenkins' plea is knowing and voluntary and whether his sentence is reasonable. Jenkins was informed of his right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss Jenkins' claim of sentencing error, invoking the appellate waiver contained in Jenkins' plea agreement. We grant the Government's motions to dismiss, dismiss the appeals in part, and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). An appellate waiver must be knowing and voluntary. *Id.* We generally evaluate the validity of a waiver by reference to the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

3

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Jenkins knowingly and voluntarily pleaded guilty and waived his right to appeal his convictions and sentence, and that the sentencing issue Jenkins seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motions to dismiss Jenkins' appeals of his sentence.

Next, a guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Because Jenkins neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Jenkins "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pleaded guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pleaded guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

We conclude that the district court did not plainly err in finding that Jenkins knowingly and voluntarily entered his plea and that it was supported by an adequate factual basis. Thus, we conclude that Jenkins' plea was knowing and voluntary, *Fisher*, 711 F.3d

4

at 464, and "final and binding," *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no unwaived meritorious issues for appeal. We therefore affirm the remainder of the judgments of the district court. This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

FILED: December 20, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4415 (L), <u>US v. Wayne Jenkins</u>
1:17-cr-00638-CCB-1

_____

NOTICE OF JUDGMENT
_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (<u>www.supremecourt.gov</u>)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, <u>www.ca4.uscourts.gov</u>, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a <u>Bill of Costs</u> within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).