IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

WAYNE EARL JENKINS,

        Pro Se Petitioner,

Case No 17 CR 106

Versus

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

PRO SE SUPPLEMENT
COMPASSIONATE RELEASE
MOTION

    COMES NOW, Wayne Earl Jenkins, Defendant in Pro Se Capacity to submit a Supplement as to Compassionate Release Motion (ECF 27). Notice of Appearance followed by Defendant's Exception has been taken pursuant request for leave without prejudice(s). Specifically Local Rule of the U.S. District Court for Maryland Rule 207 Motions governs pro se litigants and mailing exception regarding motions.

    Whether, private counsel or other counsel was subject of retainer ever became knowledge upon the record or under discussion beyond automatic assumption Federal Public Defender remained a final decision as to counsel of own choice in light of a review without mailing periods properly tolled for a valid and merited choice following denial by Federal Public Defenders Office to render assignment decision. Objections are correctly defined with ten day tolling periods, thus exception would be timely.

Defendant seeks to Supplement with relevant facts pursuant to (FSA) 3582, & 3553, supplemental motion for good cause:

1. Defendant is pending transfer to a Low Security Institution regarding successful programming and good conduct;

2. While pending Transit to Designated Institution stops may include hold-over(s) pertaining to quarantines, Federal Transfer Center, and Special Housing Units for pre transfer and post transfer quarantine isolation at 14 days per hold/layover;

3. During the periods of quarantine access to legal documents, files, and materials shall be limited and restricted, enough to create disarray as to any Court Order, or other periods of time periods affixed as to mails, responses, objections, and notices;

4. Assuming eligibility for First Step Act and or Care Act, defendant is informed by Federal Bureau of Prisons has indicated defendant is eligible. Suggesting instant action is properly ripe for review, whereby preservation to this point under Title 28 U.S.C. Section 3553 factors, as by re-sentencing, be inclusive through Defendant's rehabilitation efforts and other factors presented in pro se motion to petition a compassionate release;

5. Defendant respectfully preserves 3353 factor specifically under section 5K2.0 supplement motion as to "Conditions of Confinement":

   I) Defendant has been victim to several assaults, at every Designated United States Penitentiary, Federal Correctional Institution. The last one involved 3 to 5 gang members assaulting Defendant here at F.C.I. Edgefield. Due to Ex-Police Officer Identification and being trained in the martial arts and boxing, a knowledge known to complete prisoner population, such prisoners fear a fair school yard fight, being very afraid and also embarrassment of a loss or losing to an ex-cop. Defendant finds repeatedly this same situation at each and every Designated Prison;

   a) Defendant suffers great hardship and immense violence, for which assaults are creating excessive self defense from un-avoidable repeated attacks. Unfairly punishing this Defendant to relentlessly be exposed to brutal attacks by several prisoners each occasion specific past employment as a Police Officer with High Profile Media Coverage;

   b) The Federal Bureau of Prisons is aware of the very potential risk of violence matters due to past-employment factor and status as High Profile Criminal case with heavy media

       exposure and coverage(s). Thus, the BOP Designates for the better part Defendant to soft prison yards "PC" Yards, yet prisoners relentlessly target defendant irregardless;

c)     Resulting in serious stress by family members and Defendant pursuant to Hospitalizations, Special Housing Unit Administrative Segregation(s) following incidents of assaults, along with deep worrying of defendants safety as well as Life. However, though the BOP Designates Defendant to such Soft Prison Places to stave off repeated efforts of prisoners to assault and attack Defendant violently, it results in placements that are overly distant from immediate family members homes, creating severe consequences which punish defendant beyond standard policies for visitations with wife, children, parents, and sibling members of immediate Jenkins family. To date the distance is always too far to travel for visitations, whereas, most prisoners get placed within certain distances from homes for function of visitations with their families. Defendant is without affordance to gain such privileges due entirely to status as a Ex-Police Officer;

    d)    Decisively, it is clear Defendant significantly has a more laborious prison sentence than that served by most prisoners. See Koons v. United States, 518 U.S. 81, 112, 116 S.Ct. 2035, 135 L.Ed.2d 398 (1996). KOON Departure: extraordinary Vulnerability in prison, considering "the extraordinary notoriety and media coverage(s) of this case, coupled with the Defendant's status as Ex-Police Officer(s), which make Koon and Powell unusually susceptible to prison abuse." Warrants a Significant Departure;

6. In some cases the court granted probation due to extraordinary vulnerability, to protect a Defendant from prison abuse. As long as Defendant remains in BOP custody, this abuse and violence will continue, whereby, Defendant is vulnerable to such prison abuse(s) and violence(s);

7. For instance, this latest attack has placed Defendant away from general population to the Special Housing Unit, where, Defendant is Segregated completely against defendant's will under "PC" protective custody pursuant to a confirmed threat against Defendants Safety and Life. A threat which will not disappear in any prison settings. And respectfully amounts to conditions of confinement, tantamount as to cruel and unusual – being confined inside a 10 x 6 cement space/cell full of mold one shower and confined 24/7 during covid-19. And treated to only one hour of recreation period per week, one phone call to family once per month, inability to access food items from commissary, nor able to

make hot meals and without access to television, news papers, books, radio, or visitations – skirting along the deprivation of Eighth Amendment Constitutional Guaranteed Rights;

8. While the individuals as gang that assaulted defendant are returned back into general population, getting out of their cells each day, and being allowed to order food on commissary and cook meals. This allowance also includes their access to make phone calls, have visits, and conduct programming activities. Simply unfair and not quite a just punishment. Considering, in addition, Defendant must remain in this Special Housing Unit Administrative Segregation ("PC") now already six months under such conditions with recent surgical procedure and unsure of when exactly defendant shall be transferred, which, according to BOP shall not occur before or prior of next year simply in light as to covid-19 epidemic and BOP response to same, currently under a court order being dismissively non-responsive to give descriptive compliance with court's orders.

WHEREFORE, Defendant gives the Court supplement for considerations underlying review relative potential U.S.S.G. section 5K2.10 – Koon Departure. Supplemental Motion suggests and indicates other factors with the instant compassionate release motion, which, compel resolutions and consideration.

Further, mentioning any Judicial Notice and or acknowledgement per 2255 motion as proper vehicle for ineffective assistance of counsel claims and other violations, such as Johnson, Davis, Ray Chea, and recent circuit split specific of Hobbs Act robbery not being a crime of violence under categorical approach articulates facts of persuasive evidence when subject and topic of a "non-violent offender" issue for sentencing. Along with dangerousness to any other person or the community, Defendant is neither.

Lastly, Defendant submits un-warranted sentencing disparity among Co-Defendants with similar backgrounds. Several of Defendant's Co-Defendants received 6 – 10 year sentences for cooperating. Defendant however, was not awarded a sentence reduction after Defendant cooperated with U.S. Attorneys Office on different occasion(s) and this information did net additional indictments and others charged with criminal cases. Defendant saved a life, and a reasonable person would reason saving another human beings life is "at least" comparable to cooperating with the Government. Kindly, take into consideration rehabilitation efforts post-sentencing as well as the character letters and family circumstances along with the covid-19 hardship(s).

WHEREAS defendant be allowed to serve the remainder of term of imprisonment under home confinement.

RESPECTFULLY SUBMITTED,

*[signature]*  9/30/20
MR. WAYNE EARL JENKINS

CASE 1:17-cr-00106-CCB Document  Filed USDC on  /  /2020   page 8 of 8 pages

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

WAYNE EARL JENKINS,

                Pro Se Petitioner,

V.

UNITED STATES OF AMERICA,

                Plaintiff/Respondent.

Case No. 17 CR 106

CERTIFICATE OF SERVICE

I, Wayne Earl Jenkins, declare and state pursuant to Title 28 U.S.C. Section 1746 that I placed in the FCI Edgefield Special Housing Unit Legal Mail Deposit an original and 3 copies of the following properly addressed and affixed with First Class U.S. Postal Mail Postages as is setforth: PRO SE SUPPLEMENT COMPASSIONATE RELEASE MOTION with this Certificate of Service.

And addressed to these specified with set amounts of Original and true and correct copies:

[Original & 2 True & Correct Copies];
Office of the Clerk USDC MD
101 West Lombard Street
Baltimore, Maryland
        21201

{1 True & Correct Copy];
U.S. Attorney Office MD
Patrick G. Selwood AUSA
36 South Charles Street
Fourth Floor
Baltimore, Maryland  21201

The above is true and correct. Signed under the pains and penalties of perjury.

EXECUTED ON 30 DAY OF Sept , 2020  *M. Wayne Earl Jenkins*

                                               MR. WAYNE EARL JENKINS