IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case Nos. 1:17-cr-00106-GLR |
| | : | 1:17-cr-00638-GLR |
| WAYNE EARL JENKINS | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S *PRO SE* MOTIONS FOR RELIEF PURSUANT TO 18 U.S.C. § 3582 AND DISCOVERY UNDER RULE 16(a)(1)(c)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to defendant Wayne Earl Jenkins' *pro se* motions for relief under 18 U.S.C. § 3582 in case number 17-638 (Case No. 17-638 ECF No. 40) and for discovery in case number 17-106 (Case No. 17-106 ECF No. 770).

Defendant has moved to withdraw his Motion for Relief Pursuant to 18 U.S.C. § 3582, in which he argued that his convictions in case number 17-638 were unconstitutional. *See* Case No. 17-638 ECF Nos. 40, 43. Accordingly, we do not further address that motion.[1]

As for defendant's Motion to Obtain Discovery Under Rule 16(a)(1)(c) (Case No. 17-106 ECF No. 770), the government provides, as an attachment to this motion, the materials defendant requested in that motion. Thus, the Court should deny that motion as moot.

---

[1] Defendant's motion should properly be characterized as raising a claim under 28 U.S.C. § 2255. If the Court is not inclined to allow defendant to withdraw his motion, before proceeding further in this matter, the Court should advise defendant of the consequences of that characterization and allow him an opportunity to withdraw or amend his motion. *Castro v. United States*, 540 U.S. 375 (2003); *see also, e.g., United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

**RELEVANT BACKGROUND**

I.  **Offense Conduct, Convictions, and Sentence**

Defendant was a member of the Baltimore Police Department (BPD) who, between at least 2015 and 2017, abused his position to rob civilians he encountered in the course of his official duties using BPD-issued firearms, steal drugs and money, including from homes, commit overtime fraud, and author false incident reports, arrest reports, and warrant affidavits. Defendant, a Sergeant and officer-in-charge of the BPD's Gun Trace Task Force (GTTF), recruited other members of the GTTF into his scheme and led a conspiracy of at least six police officers.

In addition, on April 28, 2010, while driving an unmarked BPD vehicle, defendant engaged in a pursuit of a car driven by "U.B." and in which "B.M." was a passenger. During the chase, U.B.'s car struck another car at a high rate of speed, causing the struck car to be pushed onto the front porch of a home, trapping the driver of the struck car in the car, and ultimately leading to that driver's death. After the collision, defendant or an accomplice planted approximately 28 grams of heroin in U.B.'s car. Defendant later authored a false Statement of Probable Cause to support the arrests of U.B. and B.M. U.B. and B.M. were charged with, and imprisoned for, federal drug charges relating to the heroin defendant planted.

On February 23, 2017, defendant and six co-defendants were charged, by indictment, in case number 17-106, with one count each of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and racketeering, in violation of 18 U.S.C. § 1962(c) (Case No. 17-106 ECF No. 1). On June 22, 2017, defendant and two of his original co-defendants were charged, by superseding indictment (Case No. 17-106 ECF No. 137), with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), one count of racketeering, in violation of 18 U.S.C. § 1962(c), and additional crimes. Defendant was charged with two counts of Hobbs Act robbery, in violation

of 18 U.S.C. §§ 1951 and 2, and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

On November 30, 2017, defendant was charged, by indictment, in case number 17-638, with crimes relating to the events of April 28, 2010. Specifically, he was charged with one count of destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519, and four counts of deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2 (Case No. 17-638 ECF No. 1).

On January 5, 2018, defendant entered pleas of guilty in the two cases, pursuant to a Rule 11(c)(1)(C) agreement (Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5; Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19). In case number 17-106, he pled guilty to racketeering conspiracy, racketeering, and two counts of Hobbs Act robbery (Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19 at 3, 5-6; Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 1). In case number 17-638, he pled guilty to all of the counts with which he was charged, that is, one count of destruction, alteration, or falsification of records in federal investigations and four counts of deprivation of rights under color of law (Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19 at 3, 7-8; Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 1). Defendant agreed to the entry of a Restitution Order for the full amount of the victims' losses (Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 20).

On June 7, 2018, defendant was sentenced, in case number 17-106, to an aggregate term of 240 months' imprisonment to be followed by three years of post-release supervision, and, in case number 17-638, to an aggregate term of 60 months' imprisonment to be followed by three years of post-release supervision. The aggregate terms of imprisonment in the two cases were imposed consecutively to each other, for a total aggregate term of imprisonment of 300 months

(25 years) (Case No. 17-106 ECF No. 422 at 3-4; Case No. 17-638 ECF No. 12 at 3-4; Case No. 17-106 ECF No. 453/Case No. 17-638 ECF No. 20 at 53). The Court deferred determination of the amount of restitution defendant would be required to pay (Case No. 17-106 ECF No. 422 at 6; Case No. 17-638 ECF No. 12 at 6; Case No. 17-106 ECF No. 453/Case No. 17-638 ECF No. 20 at 54).

Defendant appealed his convictions and sentence. The Fourth Circuit Court of Appeals dismissed defendant's appeals of his sentence and affirmed defendant's convictions. *United States v. Jenkins*, 745 Fed.Appx. 491 (4th Cir. 2018).

**II.     Restitution Litigation in Case Number 17-106**

On May 28, 2019, the government filed a Motion for Restitution Orders as to defendant and his co-defendants in case number 17-106 (Case No. 17-106 ECF No. 500). The government requested that defendant be ordered to pay $239,300 in restitution (Case No. 17-106 ECF No. 500 at 4-5). Defendant did not oppose the motion. *See* Case No. 17-106 ECF No. 520 at 1.

On June 7, 2019, defendant's counsel, Steven H. Levin, Esq., filed a Motion to Withdraw as Counsel based on a conflict that had arisen that impacted his ability to represent defendant (Exhibit A: Case No. 17-106 ECF No. 504). The Court granted counsel's motion on June 11, 2019 (Case No. 17-106 ECF No. 509).

On August 30, 2019, the Court granted the government's Motion for Restitution Orders in case number 17-106 (Case No. 17-106 ECF No. 520 at 1). The Court indicated it would issue Amended Judgment & Commitment Orders. *Id.*

On August 25, 2021, the Court finalized the order of restitution as to defendant in case number 17-106 (Case No. 17-106 ECF Nos. 710, 711). On October 13, 2021, the Court issued an

Amended Judgment in a Criminal Case (Case No. 17-106 ECF No. 719). Defendant's terms of imprisonment and post-release supervision were unchanged, but the amended judgment reflected the Court's order that defendant pay $239,300 in restitution. *Id.*

On May 24, 2022, defendant filed, *pro se*, a Motion to Reopen and for Reconsideration of Restitution (Case No. 17-106 ECF No. 751). Defendant claimed that the withdrawal of his attorney from defendant's case on June 11, 2019, "apparently resulted in [defendant] not receiving notice" of the government's May 28, 2019, Motion for Restitution Orders or any of the parties' or the Court's other restitution-related filings. *Id.* at 2, 7. Defendant asserted that "justice and due process mandate that the Court reopen the restitution because the Court lacked jurisdiction to enter a $239,300.00 judgment without providing notice" to defendant. *Id.* at 7.

On September 9, 2022, the government filed its Response in Opposition to Defendant's Motion to Reopen and for Reconsideration of Restitution (Case No. 17-106 ECF No. 757). The government explained that "there are simply no statutory means for this Court to review" a defendant's challenge to the restitution order, "let alon[e] to grant the relief sought." *Id.* at 6. The government noted that, in any event, defendant had been represented by counsel up to and including June 11, 2019, the deadline for defendant to file an opposition to the government's May 28, 2019, motion for a restitution order, and that defendant's claim "that he did not receive the documents that he (wrongfully believes) he was entitled to . . . is factually unsupported, if not entirely unbelievable." *Id.* at 5 n.2, 8. The Court has not yet ruled on defendant's Motion to Reopen and for Reconsideration of Restitution.[2]

---

[2] On September 27, 2022, this Court received a *pro se* letter (Case No. 17-106 ECF No. 759) written by defendant, in which defendant stated that he had received an order issued by the Court denying his Motion to Reopen and for Reconsideration of Restitution (Case No. 17-106 ECF No. 751). He stated that he would like to appeal the order and asked what his legal options were (Case No. 17-106 ECF No. 759 at 1). Two days later, the Fourth Circuit Court of Appeals opened the case on appeal (Case No. 17-106 ECF No. 761).

On January 9, 2023, defendant filed, *pro se*, his Motion to Obtain Discovery Under Rule 16(a)(1)(c) (Case No. 17-106 ECF No. 770). In it, he requested a copy of his former counsel's Motion to Withdraw, which was filed on June 7, 2019, and docketed as ECF Number 504, and which is attached herein as Exhibit A. *Id.* at 1. Defendant indicated that he wants a copy of this motion for use in an appeal relating to the restitution defendant was ordered to pay. *Id.* at 1-2.

### III. Sentence Reduction Litigation in Case Number 17-638

On August 11, 2020, defendant filed a *pro se* motion seeking compassionate release or a reduction in his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in both of his cases, and requesting appointment of counsel to assist with various claims (Case No. 17-106 ECF No. 576/Case No. 17-638 ECF No. 27). Defendant's sentence reduction request was largely based on the COVID-19 pandemic and his performance of life-saving measures on another inmate. Defendant sought appointment of counsel to assist with, inter alia, seeking to "toll any and all dead-lines, include '2255.'" In arguing that a sentence reduction was warranted, defendant asserted that his Hobbs Act robbery convictions in case number 17-106 were "illegal," but he acknowledged that the proper avenue for that type of claim was a § 2255 motion. *Id.* at 13-14. He emphasized that his motion was not a § 2255 motion and asked the Court to toll his deadline to file such a motion. *Id.* at 14-15.[3]

---

On February 22, 2023, the Fourth Circuit dismissed the appeal (Case No. 17-106 ECF No. 773). The Fourth Circuit stated that this Court had yet to resolve defendant's Motion to Reopen and for Reconsideration of Restitution and that this Court's most recent action on the matter -- ordering a government response to defendant's motion -- was not appealable. *Id.* at 5. The mandate as to the Fourth Circuit's February 22, 2023, judgment entered on March 16, 2023 (Case No. 17-106 ECF No. 775).

[3] On October 15, 2020, defendant filed a *pro se* supplement to his compassionate release motion, in case number 17-106 (Case No. 17-106 ECF No. 606). In that supplement, he "mention[ed]" that a § 2255 motion was the "proper vehicle for ineffective assistance of counsel claims and other violations," including the

The government opposed defendant's request for a sentence reduction (Case No. 17-106 ECF No. 610/Case No. 17-638 ECF No. 31). On July 6, 2021, the Court denied defendant's request for a sentence reduction (Case No. 17-106 ECF Nos. 676, 677/ Case No. 17-638 ECF Nos. 33, 34). The Court determined that "good behavior alone" did not make defendant eligible for compassionate release, and that even if defendant was eligible, compassionate release was not warranted (Case No. 17-106 ECF No. 676/Case No. 17-638 ECF No. 33 at 4-5).[4]

On December 16, 2022, defendant filed, *pro se*, his Motion for Relief Pursuant to 18 U.S.C. § 3582 in case number 17-638 (Case No. 17-638 ECF No. 40). In that motion, defendant argued that "extraordinary and compelling" reasons justified a reduction in his sentence. *Id.* at 1. He asserted that the "extraordinary and compelling" circumstances are that his convictions in case number 17-638 were "unconstitutional" and relied on "overly-broad and vague" interpretations of the criminal statutes involved. *Id.* at 1-3, 5, 6, 9, 11-12. Defendant acknowledged that the issues he raised are matters of law, not fact. *Id.* at 2, 9.

Defendant's first contention related to his conviction for destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519. 18 U.S.C. § 1519 criminalizes the knowing falsification of any document with the intent to impede, obstruct, or influence "the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case." Defendant asserted that he could not have violated that statute when he falsified the Statement of Probable Cause relating to the events of April 28, 2010,

---

claim relating to his Hobbs Act robbery conviction that he described in his August 11, 2020, compassionate release motion. *Id.* at 7.

[4] The Court did not indicate that it would grant defendant's request for tolling of the deadline for filing a § 2255 motion.

because his actions were intended to impede, instruct, or influence what was, at that time, a *state* investigation, not a federal one (Case No. 17-638 ECF No. 40 at 3-8). He further argued that the statutory language "or in relation to or contemplation of any such matter or case" only relates to cases filed under title 11 and not matters within the jurisdiction of a federal department or agency, and was, therefore, inapplicable to his case. *Id.* at 5, 7.

Second, defendant contended that his conduct underlying his four convictions for violations of 18 U.S.C. § 242 could not, a matter of law, have violated the statute. He averred that the "misrepresentation of facts on a Probable Cause form does not, per se, deprive an arrestee" of due process (Case No. 17-638 ECF No. 40 at 9). Defendant stated that it is the prosecutor's responsibility to determine whether sufficient evidence supports the prosecution of a case and to disclose *Brady* material, and that "it is the trial process itself, and not the arresting officer's obligation, to sift through the facts and evidence presented to separate fact from fiction." *Id.* at 8.

Defendant further asserted that his conduct did not involve what he purported is a required element of 18 U.S.C. § 242. A person violates 18 U.S.C. § 242 when, "under color of any law, statute, ordinance, regulation, or custom," they "willfully subject[] any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens." Defendant claimed that, to violate § 242, a person who deprives another of constitutional or legal rights must do so "on account of such person being an alien, or by reason of his color, or race," and he noted that the

government did not allege, and defendant did not allocute, that defendant had this motive (Case No. 17-638 ECF No. 768 at 10-11).[5]

# DISCUSSION

## I.     Defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582

In defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582, he raised a challenge to the constitutionality and lawfulness of his convictions in case number 17-638. Such a challenge properly is brought pursuant to 28 U.S.C. § 2255. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Appellant's attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so. Namely, 28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus.").

The United States respectfully notes that the Supreme Court has held that when a *pro se* petitioner files a pleading that properly should be brought under 28 U.S.C. § 2255, before the District Court may characterize the pleading as a § 2255 motion, the Court first must notify the

---

[5] On January 10, 2023, defendant submitted a Request for Administrative Remedy to the Warden of the prison in which he was incarcerated (Case No. 17-638 ECF No. 42-1 at 1). Defendant indicated that he was seeking "compassionate release." *Id.* He stated that the basis for his request was a matter "of a statutory interpretation issue and involves a matter of law." *Id.* Defendant wrote that he believed that the Bureau of Prisons was "without the authority to decide matters of law or statutory interpretation" and that "those issues are [within] the sole purview of the judiciary." *Id.* Nonetheless, he asked the Warden to "issue a recommendation to the court that he be granted RIS [Reduction in Sentence] relief pursuant to 18 U.S.C. 3582." *Id.*

On February 20, 2023, Warden Jonathan Hemingway denied defendant's request (Case No. 17-638 ECF No. 42-1 at 2). The Warden noted that inmate requests for compassionate release must describe the extraordinary or compelling circumstances the inmate believes warrant consideration and must include a proposed release plan. *Id.* Defendant's request "did not contain the required information." *Id.* The Warden instructed defendant as to how he could initiate an appeal of the Warden's determination. *Id.*

petitioner of the consequences of this recharacterization and allow him an opportunity to withdraw or amend the motion. *Castro*, 540 U.S. at 381-82; *Blackstock*, 513 F.3d at 128. The Supreme Court in *Castro*, and the Fourth Circuit in cases such as *Blackstock*, imposed these requirements because recharacterization of a litigant's *pro se* filing as a § 2255 motion "can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." *Castro*, 540 U.S. at 377; *Blackstock*, 513 F.3d at 131.

In light of the core concern in *Castro* and *Blackstock* that a *pro se* litigant not be permitted to file what will be construed as his or her first § 2255 motion without being warned of the consequences of doing so and being given an opportunity to withdraw or amend the motion, if the Court denies defendant's motion to withdraw his motion for relief under 18 U.S.C. § 3582, the Court should advise defendant in the following three respects:

First, defendant should be advised that 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the U.S. Court of Appeals for the Fourth Circuit. 28 U.S.C. §§ 2244(b)(2)-(3)(A), -2255(h); *see also Moore v. United States*, 2011 WL 4501224, at *2 (D. Md. Sept. 27, 2011); *United States v. Fernandez-Cruz*, 2009 WL 3488352, at *2 (D. Md. Oct. 22, 2009). The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. 28 U.S.C. §§ 2244(b)(2)-(3)(A), -2255(h).

Second, defendant should be advised that § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255(f); *see also Moore*, 2011 WL 4501224, at *2 (describing *Castro* warning to be given to the defendant, which included information regarding the time limitation for filing a § 2255 motion); *United States v. Fernandez-Cruz*, 2009 WL 3488352, at *2 (same). Specifically, to be considered timely under § 2255, defendant must file or have filed his § 2255 motion within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).[6]

Third, defendant must be given the opportunity to withdraw or amend his motion and warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of § 2255.

---

[6] To the extent that defendant seeks to avoid a time bar on claims that are properly the subject of a § 2255 motion by styling his request as one seeking compassionate release (*see* Case No. 17-638 ECF No. 27 at 13-15 and Case No. 17-106 ECF No. 606 at 7 (indicating defendant's understanding that § 2255 contains a time limitation for filings seeking relief pursuant to that statute, that challenges to the legality of a conviction are properly brought under § 2255, and that there are significant restrictions on the filing of second or successive § 2255 motions)), he cannot be permitted to do so. *See Ferguson*, 55 F.4th at 271 ("Appellant suggests that pursuing his arguments in a § 2255 petition would be futile because . . . such a petition would be . . . untimely. But these restrictions are precisely why Appellant cannot use § 3582(c)(1)(A) to avoid the exclusive remedy that § 2255 provides. . . . The fact that Appellant may be procedurally barred from raising his arguments in a § 2255 petition does not qualify as an 'extraordinary and compelling reason[]' for compassionate release.").

To assist the Court in providing these warnings to the defendant, we have attached a proposed Order as Exhibit B.[7]

## II. Defendant's Motion for Discovery

The government has provided, as Exhibit A herein, the "discovery" requested by defendant in his Motion to Obtain Discovery Under Rule 16(a)(1)(c) (Case No. 17-106 ECF No. 770).

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                  United States Attorney
                                  District of Columbia

                                  PETER S. SMITH
                                  Chief, Special Proceedings Division
                                  United States Attorney's Office
                                    for the District of Columbia

                                  */s/ Tracy Suhr*
                                  TRACY SUHR
                                  Special Assistant United States Attorney
                                    Acting Under Authority Conferred by 28 U.S.C. § 515
                                  Special Proceedings Division
                                  United States Attorney's Office
                                    for the District of Columbia
                                  601 D Street, N.W.
                                  Washington, D.C. 20530
                                  (202) 252-6898
                                  Tracy.Suhr@usdoj.gov

---

[7] This proposed Order also includes suggested dates for response by defendant and the United States.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, this 21st day of December 2023, I caused a copy of the foregoing and the associated exhibits to be served via U.S. mail, postage prepaid, on:

Wayne Earl Jenkins  
Fed. Reg. No. 62928-037  
FCI Milan  
Federal Correctional Institution  
P.O. Box 1000  
Milan, MI 48160

                                    */s/ Tracy Suhr*  
                                    TRACY SUHR  
                                    Special Assistant United States Attorney