**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case Nos. 1:17-cr-00106-GLR** |
| | : | **1:17-cr-00638-GLR** |
| **WAYNE EARL JENKINS** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL GOVERNMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant Wayne Earl Jenkins' *pro se* Motion to Compel Government, in which he asks the Court to order the government to provide certain discovery materials (Case No. 17-638 ECF No. 53/Case No. 17-106 ECF No. 880). Defendant's motion is a fishing expedition in search of a potential basis for a purportedly forthcoming 28 U.S.C. § 2255 motion. Under the standards of Rule 6(a) of the Rules Governing Section 2255 Proceedings, it is defendant's burden to support any § 2255 claim with an adequate factual and legal basis *before* the Court permits post-conviction discovery. Defendant has not filed a § 2255 motion and has not demonstrated good cause for the Court to order the government to provide the requested materials. This Court should summarily deny defendant's motion.

**BACKGROUND**

Defendant was a member of the Baltimore Police Department (BPD) who, between at least 2015 and 2017, abused his position to rob civilians he encountered in the course of his official duties using BPD-issued firearms, steal drugs and money, commit overtime fraud, and author false incident reports, arrest reports, and warrant affidavits. Defendant, a Sergeant and officer-in-charge

of the BPD's Gun Trace Task Force (GTTF), recruited other members of the GTTF into his scheme and led a conspiracy of at least six police officers.

In addition, on April 28, 2010, while driving an unmarked BPD vehicle, defendant engaged in a pursuit of a car driven by "U.B." and in which "B.M." was a passenger. During the chase, U.B.'s car struck another car at a high rate of speed, causing the struck car to be pushed onto the front porch of a home, trapping the driver of the struck car in the car, and ultimately leading to that driver's death. After the collision, defendant or an accomplice planted approximately 28 grams of heroin in U.B.'s car. Defendant later authored a false Statement of Probable Cause to support the arrests of U.B. and B.M. U.B. and B.M. were charged with, and imprisoned for, federal drug charges relating to the heroin defendant planted.

On February 23, 2017, defendant and six co-defendants were charged, by indictment, in case number 17-106, with one count each of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and racketeering, in violation of 18 U.S.C. § 1962(c) (Case No. 17-106 ECF No. 1). On June 22, 2017, defendant and two of his original co-defendants were charged, by superseding indictment (Case No. 17-106 ECF No. 137), with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), one count of racketeering, in violation of 18 U.S.C. § 1962(c), and additional crimes. Defendant was charged with two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

On November 30, 2017, defendant was charged, by indictment, in case number 17-638, with crimes relating to the events of April 28, 2010. Specifically, he was charged with one count of destruction, alteration, or falsification of records in federal investigations, in violation of 18

U.S.C. § 1519, and four counts of deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2 (Case No. 17-638 ECF No. 1).

On January 5, 2018, defendant entered pleas of guilty in the two cases, pursuant to a Rule 11(c)(1)(C) agreement (Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5; Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19). In case number 17-106, he pled guilty to racketeering conspiracy, racketeering, and two counts of Hobbs Act robbery (Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19 at 3, 5-6; Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 1). In case number 17-638, he pled guilty to all of the counts with which he was charged, that is, one count of destruction, alteration, or falsification of records in federal investigations and four counts of deprivation of rights under color of law (Case No. 17-106 ECF No. 452/Case No. 17-638 ECF No. 19 at 3, 7-8; Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 1). Defendant agreed to the entry of a Restitution Order for the full amount of the victims' losses (Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶ 20).

As part of his plea agreement, defendant waived "any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agree[d] not to file any request for documents from [the United States Attorney's Office for the District of Maryland] or any investigating agency" (Case No. 17-106 ECF No. 254/Case No. 17-638 ECF No. 5 at ¶24d).

On June 7, 2018, defendant was sentenced, in case number 17-106, to an aggregate term of 240 months' imprisonment to be followed by three years of post-release supervision, and, in case number 17-638, to an aggregate term of 60 months' imprisonment to be followed by three years of post-release supervision. The aggregate terms of imprisonment in the two cases were imposed consecutively to each other, for a total aggregate term of imprisonment of 300 months

(25 years) (Case No. 17-106 ECF No. 422 at 3-4; Case No. 17-638 ECF No. 12 at 3-4; Case No. 17-106 ECF No. 453/Case No. 17-638 ECF No. 20 at 53). The Court deferred determination of the amount of restitution defendant would be required to pay (Case No. 17-106 ECF No. 422 at 6; Case No. 17-638 ECF No. 12 at 6; Case No. 17-106 ECF No. 453/Case No. 17-638 ECF No. 20 at 54).

Defendant appealed his convictions and sentence. The Fourth Circuit Court of Appeals dismissed defendant's appeals of his sentence and affirmed his convictions. *United States v. Jenkins*, 745 Fed.Appx. 491 (4th Cir. 2018).

On June 7, 2019, defendant's counsel, Steven H. Levin, Esq., filed a Motion to Withdraw as Counsel based on a conflict that had arisen that impacted his ability to represent defendant (Case No. 17-106 ECF No. 504). The Court granted counsel's motion on June 11, 2019 (Case No. 17-106 ECF No. 509).[1]

---

[1] On August 25, 2021, the Court finalized the order of restitution as to defendant in case number 17-106 (Case No. 17-106 ECF Nos. 710, 711). On October 13, 2021, the Court issued an Amended Judgment in a Criminal Case, which reflected that defendant was required to pay $239,300 in restitution (Case No. 17-106 ECF No. 719). On May 24, 2022, defendant filed, *pro se*, a Motion to Reopen and for Reconsideration of Restitution (Case No. 17-106 ECF No. 751), which the government opposed (Case No. 17-106 ECF No. 757).

On September 27, 2022, this Court received a *pro se* letter written by defendant (Case No. 17-106 ECF No. 759), in which defendant stated that he had received an order issued by the Court denying his Motion to Reopen and for Reconsideration of Restitution. He stated that he would like to appeal the order and asked what his legal options were. *Id.* at 1. Two days later, the Fourth Circuit Court of Appeals opened the case on appeal (Case No. 17-106 ECF No. 761). On February 22, 2023, the Fourth Circuit dismissed the appeal (Case No. 17-106 ECF No. 773). The Fourth Circuit stated that this Court had yet to resolve defendant's Motion to Reopen and for Reconsideration of Restitution and that this Court's most recent action on the matter -- ordering a government response to defendant's motion -- was not appealable. *Id.* at 5. The mandate as to the Fourth Circuit's February 22, 2023, judgment entered on March 16, 2023 (Case No. 17-106 ECF No. 775).

This Court has not yet ruled on defendant's Motion to Reopen and for Reconsideration of Restitution.

On August 11, 2020, defendant filed a *pro se* motion seeking compassionate release or a reduction in his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in both of his cases, and requesting appointment of counsel to assist with various claims (Case No. 17-106 ECF No. 576/Case No. 17-638 ECF No. 27). Defendant's sentence reduction request was largely based on the COVID-19 pandemic and his performance of life-saving measures on another inmate. Defendant sought appointment of counsel to assist with, inter alia, seeking to "toll any and all dead-lines, include '2255.'" In arguing that a sentence reduction was warranted, defendant asserted that his Hobbs Act robbery convictions in case number 17-106 were "illegal," but he acknowledged that the proper avenue for that type of claim was a § 2255 motion. *Id.* at 13-14. The government opposed defendant's request for a sentence reduction (Case No. 17-106 ECF No. 610/Case No. 17-638 ECF No. 31). On July 6, 2021, the Court denied defendant's request for a sentence reduction (Case No. 17-106 ECF Nos. 676, 677/ Case No. 17-638 ECF Nos. 33, 34).

On December 16, 2022, defendant filed, *pro se*, a Motion for Relief Pursuant to 18 U.S.C. § 3582 in case number 17-638 (Case No. 17-638 ECF No. 40/Case No. 17-106 ECF No. 768). Defendant argued that "extraordinary and compelling" reasons justified a reduction in his sentence. *Id.* at 1. He asserted that the "extraordinary and compelling" circumstances were that his convictions in case number 17-638 were "unconstitutional" and relied on "overly-broad and vague" interpretations of the criminal statutes involved. *Id.* at 1-3, 5, 6, 9, 11-12. Defendant acknowledged that the issues he raised were matters of law, not fact. *Id.* at 2, 9.

On January 9, 2023, defendant filed, *pro se*, a Motion to Obtain Discovery Under Rule 16(a)(1)(c) in case number 17-106 (Case No. 17-106 ECF No. 770). In it, he requested a copy of his former counsel's June 7, 2019, Motion to Withdraw.

On October 25, 2023, the Court ordered the government to respond to defendant's Motion to Obtain Discovery Under Rule 16(a)(1)(c) and his Motion for Relief Pursuant to 18 U.S.C. § 3582 (Case No. 17-106 ECF No. 797).

On December 13, 2023, defendant moved to withdraw his Motion for Relief Pursuant to 18 U.S.C. § 3582 (Case No. 17-106 ECF No. 823/Case No. 17-638 ECF No. 43).

On December 21, 2023, the government responded to defendant's discovery motion by providing a copy of the requested motion to withdraw (Case No. 17-638 ECF No. 47/Case No. 17-106 ECF No. 829 Exh 1). The government noted that defendant had moved to withdraw his § 3582 motion, and therefore the government did not address the merits of that motion (Case No. 17-638 ECF No. 47/Case No. 17-106 ECF No. 829 at 1). The government stated, however, that the claims defendant included in that motion, which challenged the constitutionality and lawfulness of his convictions in case number 17-638, were properly characterized as 28 U.S.C. § 2255 claims. *Id.* at 1 n.1, 9. The government requested that, if the Court was not inclined to grant defendant's request to withdraw that motion, the Court advise defendant of the consequences of his motion being characterized as a § 2255 motion and give him the opportunity to withdraw or amend the motion. *Id.* at 1 n.1.

On January 8, 2024, the Court issued an order in which it stated that the claims raised in defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582 in case number 17-638 "regarding the legality and constitutionality of his convictions may only be raised in a motion pursuant to 28 U.S.C. § 2255" (Case No. 17-638 ECF No. 48 at 1). The Court indicated its intention to construe defendant's filing as a § 2255 motion, warned defendant of the consequences of that characterization, and gave defendant an opportunity to withdraw or amend the motion. *Id.* at 1-2.

On March 11, 2024, defendant filed a reply confirming that he wanted to withdraw his motion in case number 17-638 (Case No. 17-638 ECF No. 49 at 1). In the reply, defendant also stated that he had "newly discovered evidence" and intended to file a § 2255 motion "in the near future." *Id.* at 2. He requested that the Court direct the government to provide him with information regarding a prosecutor formerly assigned to the case, the reason why the prosecutor handling the case had changed, and "all FBI 302's and or any other witness interviews that were never provided to him." *Id.* He described these materials as "missing information required to proceed" with his § 2255 motion. *Id.*

On June 25, 2024, the Court denied defendant's Motion to Obtain Discovery Under Rule 16(a)(1)(c) as moot because the government had provided defendant with a copy of the motion he had requested (Case No. 17-106 ECF No. 847/Case No. 17-638 ECF No. 52 at 1). The Court denied defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582 as moot because defendant had withdrawn it. *Id.* The Court also denied defendant's request for information regarding the prosecutor formerly assigned to the case because defendant was not entitled to that information. *Id.* at 1 n.1.

On September 19, 2024, defendant filed the instant motion, in which he asks the Court to order the government "to provide all 302 Witness Statements that were never provided" (Case No. 17-106 ECF No. 880/Case No. 17-638 ECF No. 53 at 1). Defendant asserts that he "was never afforded an opportunity to review these documents" prior to his guilty plea. *Id.*

## **DISCUSSION**

Under Federal Rule of Criminal Procedure 11(e), "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only

on direct appeal or collateral attack." Thus, the only possible avenue of relief available to the defendant is a collateral attack under 28 U.S.C. § 2255.

A defendant seeking post-conviction collateral relief "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings authorizes discovery in a post-conviction proceeding only if the district court judge finds "good cause" and chooses to authorize the discovery in the exercise of his or her discretion. *See also Bracy*, 520 U.S. at 909 (noting that "the scope and extent of such discovery is a matter confided to the discretion of the District Court"); *United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004); *Townes v. Murray*, 68 F.3d 840, 854 (4th Cir. 1995).

To demonstrate "good cause" under Rule 6(a), a defendant must present "specific allegations" that establish "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks omitted). This standard is difficult to meet because "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 167 (1982). The "good cause" standard requires a defendant to state his allegations with specificity sufficient to indicate to the Court why the discovery is needed to obtain relief. *See Bracy*, 520 U.S. at 908-09; *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) ("'conclusory allegations unsupported by specifics' . . . will not entitle one to discovery" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))); *United States v. Guerin*, 1998 WL 398249, *2 (E.D.Pa. June 23, 1998) ("Generalized statements about the possible existence of material do not constitute 'good cause'") (citations omitted).

Rule 6(a) "does not authorize fishing expeditions" for speculative post-conviction claims. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). *See also Calderon v. U.S. Dist. Court for the*

*Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."). Indeed, post-conviction discovery is not permitted when its objective is to search for factual support for a mere potential collateral attack claim that is not presently pending before the Court. *See United States v. Losing,* 601 F.2d 351, 351-53 (8th Cir. 1979) (affirming district court's denial of defendant's discovery motion for the purpose of *eventually* asserting a § 2255 claim); *Carranza v. United States*, No. 1:13CR230-2, 2016 WL 7650601, at *1-2 (M.D.N.C. Aug. 16, 2016) (denying post-conviction discovery motion because "a petitioner cannot conduct discovery until after a habeas corpus petition or motion to vacate a sentence has been filed, *so that the Court can consider the claims and relevant factual allegations in determining the propriety of discovery*") (emphasis added).

Here, defendant has not shown good cause for the Court to compel the government to provide the requested discovery materials. While defendant has indicated that he intends to file a § 2255 motion, he has not yet done so. He is not permitted to obtain post-conviction discovery for the purpose of searching for a ground for a collateral attack. His motion should be denied on this basis.

In addition, defendant has not demonstrated that if he were to be provided with the requested documents, he would be able to assert a meritorious claim. Defendant asks the Court to direct the government to provide him with witness statements that he has not already received. He does not identify any particular statements that he has reason to believe exist, but that he was not provided. He claims that he "was never afforded an opportunity to review" these unspecified documents before his guilty plea but does not put forth a basis on which the government would have been required to provide him with the documents. In fact, "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement

with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002). Thus, defendant has not shown that, through discovery, he will be able to develop facts to show that he is entitled to relief based on a pre-plea discovery violation. Moreover, as noted above, when defendant entered his guilty plea, he waived his right to request the production of documents from the United States Attorney's Office for the District of Maryland or any investigating agency. Because defendant has failed to show good cause for his request and because he specifically waived his right to make this type of request, the Court should summarily deny defendant's motion.

**CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court summarily deny defendant's Motion to Compel Government (Case No. 17-638 ECF No. 53/Case No. 17-106 ECF No. 880).


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
District of Columbia

PETER S. SMITH
Chief, Special Proceedings Division
United States Attorney's Office
  for the District of Columbia

 _/s/ Tracy Suhr_____
TRACY SUHR
Special Assistant United States Attorney
  Acting Under Authority Conferred by 28 U.S.C. § 515
Special Proceedings Division
United States Attorney's Office
  for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6898
Tracy.Suhr@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, this 19th day of December 2024, I caused a copy of the foregoing to be served via U.S. mail, postage prepaid, on:

Wayne Earl Jenkins
Fed. Reg. No. 62928-037
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

_/s/ Tracy Suhr_____
TRACY SUHR
Special Assistant United States Attorney